IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**AMY CATHERINE REEDER**                                                   **PLAINTIFF**

V.                                                                **NO. 3:25-CV-98-DMB-JMV**

**THE KROGER CO.; THE
COCA-COLA COMPANY;
and JOHN DOES 1-10**                                          **DEFENDANTS**

**OPINION AND ORDER**

      Amy Catherine Reeder moves to remand this case to state court, arguing The Coca-Cola Company's removal was defective because The Kroger Co. did not join or consent to removal. Because Kroger's separate notice of removal satisfies the unanimity of consent requirement, remand will be denied.

**I
Procedural History**

      On February 19, 2025, Amy Catherine Reeder filed a complaint in the Circuit Court of Lafayette County, Mississippi, against The Kroger Co.,[1] The Coca-Cola Company,[2] and John Does 1-10 asserting a negligence claim based on allegations she tripped and fell over a display of Coca-Cola products in a Kroger store in Oxford, Mississippi. Doc. #2. Kroger and Coca-Cola were both served on February 26, 2025. Docs. #10-5, #10-6. Asserting diversity jurisdiction, Coca-Cola removed the case to the United States District Court for the Northern District of

---

[1] In this named defendant's answer, it asserts it is "Kroger Limited Partnership I, (incorrectly identified as 'The Kroger Co.' in the Complaint …)." Doc. #8 at 1. However, it has not asked the Court to formally change the style of this case to reflect such name.

[2] In its notice of removal, this named defendant asserts that it is an "improperly-named Defendant" since "Coca-Cola Consolidated, Inc., … is the entity that operates in the geographic region that is identified in [Reeder]'s complaint and would be the proper corporate defendant." Doc. #1 at 1; *see* Doc. #6 at 1 ("Defendant Coca-Cola Consolidated, Inc., … improperly-named as Defendant The Coca-Cola Company, … answers Plaintiff's Complaint."). But it has not asked the Court to formally change the style of this case or, if appropriate, to substitute it as the proper entity.

Mississippi on March 27, 2025, as case number 3:25-cv-98. Doc. #1. The next day, also based on diversity jurisdiction, Kroger filed a separate notice removing the same state court case to the United States District Court for the Northern District of Mississippi as case number 3:25-cv-100.[3] On April 2 in 3:25-cv-100, Kroger "agree[d] to consolidate and withdraw its Notice of Removal" because Coca-Cola, "unbeknownst to [it], filed a Notice of Removal the day before."[4] Based on this, United States District Judge Michael P. Mills—who was assigned 3:25-cv-100—closed 3:25-cv-100 the following day, specifying that "Kroger may proceed with the case removed by Co-Defendant Coca-Cola."[5]

On April 17, Reeder filed a motion to remand this case to the Circuit Court of Lafayette County based on her assertion that "Coca-Cola removed [her] lawsuit … without consent or joinder from Kroger." Doc. #11 at 1. Kroger and Coca-Cola together responded in opposition on April 29, and Reeder replied on May 5. Docs. #17,[6] #18.

## II
## Removal and Consent

A defendant may remove to federal court a state court action that could have been initially brought in federal court. 28 U.S.C. § 1441(a). In cases with multiple defendants, the rule of unanimity requires that "all defendants who have been properly joined and served must join in or consent to the removal of the action" within thirty days after receipt of the complaint or summons. 28 U.S.C. § 1446(b)(2)(A); *see Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262 (5th Cir. 1988) ("[A]ll defendants who are properly joined and served must join in the removal petition,

---

[3] *Reeder v. The Kroger Co.*, No. 3:25-cv-100-MPM-RP, at Doc. #1 (N.D. Miss. Mar. 28, 2025).

[4] *Id.* at Doc. #5.

[5] *Id.* at Doc. #6.

[6] Inconsistent with Local Rule 7(b)(4), Kroger and Coca-Cola did not file a separate response and memorandum brief. However, because they did not attach any exhibits to their response and because of the straightforward remand issue, the Court excuses this purely technical omission.

2

and … failure to do so renders the petition defective.") (internal citations omitted). "'The party seeking to remove bears the burden of showing that federal jurisdiction exists and that removal was proper.'" *Scarlott v. Nissan N. Am., Inc.*, 771 F.3d 883, 887 (5th Cir. 2014) (quoting *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013)).

## III
## Analysis

In her motion to remand, Reeder submits that removal was improper because Coca-Cola removed "without consent or joinder from Kroger;" "more than 30 days after service, Kroger filed its Notice of Withdrawal of Its Notice of Removal … and agree[d], untimely, to consolidate with Coca-Cola's earlier filed removal;" and "Kroger has failed to file any joinder or consent to Coca-Cola's removal in this action and the unanimity rule has not been satisfied." Doc. #11 at 1, 2 (emphasis omitted). Reeder argues that "[t]he Fifth Circuit follows a strict application of the unanimity rule" and none of the exceptions to the unanimity rule apply.[7] Doc. #12 at 4.

Kroger and Coca-Cola respond that they "separately[] consented in writing to the removal of [Reeder's] action, which comports with the rule of unanimity in the Fifth Circuit;" while "the Fifth Circuit follows a strict application of the rule of unanimity, 'this does not mean that each defendant must sign the original petition for removal, but there must be some timely filed written indication from each served defendant;'" and "multiple district courts in the Fifth Circuit have held that separate removal filings satisfy the rule of unanimity." Doc. #17 at 2–3 (quoting *Getty Oil*, 841 F.2d at 1258 n. 11; citing *In Interest of N.L.P.*, No. 4:17-CV-00236, 2017 WL 2426598, at *1 (E.D. Tex. June 5, 2017), and *Riles v. Stevens Transp., Inc.*, No. Civ.A. 06-0634, 2006 WL

---

[7] Reeder articulates the three exceptions to the unanimity rule: "'(1) where a defendant was not yet served with process at the time the removal petition was filed; (2) where a defendant is merely a nominal or formal party-defendant; and (3) where the removed claim is a separate and independent claim under 28 U.S.C. § 1441(c).'" Doc. #12 at 4 (quoting *Spillers v. Tillman*, 959 F. Supp. 364, 369 (S.D. Miss. 1997)). Kroger and Coca-Cola do not argue that any of these exceptions apply here.

3

3843029, at *6 (W.D. La. Dec. 28, 2006)).

Reeder replies that "Defendants' reliance on *Interest of N.L.P.* and *Riles* … is misplaced" because "*Interest of N.L.P.* failed to address the separately filed notices and *Riles* relied on Fourth Circuit case law based on a less strict application of the unanimity rule than the Fifth Circuit requires." Doc. #18 at 1.

To satisfy the rule of unanimity, a codefendant can join in a removal petition either by signing the original petition for removal or by timely filing written consent to the removal. *Powers v. United States*, 783 F.3d 570, 576 (5th Cir. 2015) (citing *Getty Oil*, 841 F.2d at 1262 n.11). Consent to removal "simply requires that there be 'some timely filed written indication from each served defendant, or from some person or entity purporting to formally act on its behalf in this respect and to have the authority to do so, that it has actually consented to such action.'" *Gillis v. Louisiana*, 294 F.3d 755, 759 (5th Cir. 2002) (quoting *Getty Oil*, 841 F.2d at 1262 n.11) (emphasis omitted).

Since Kroger did not sign Coca-Cola's removal petition in this case, the pivotal question is whether Kroger's separate removal petition qualifies as timely written consent to satisfy the rule of unanimity in this case.[8] It appears the Fifth Circuit has not addressed this precise issue. However, in *Riles*, the Western District of Louisiana held that separate notices of removal are sufficient for consent. 2006 WL 3843029, at *2. Reasoning that separate notices are "equally if not more indicative of [a codefendant's written] consent to removal," the court concluded that it "received timely filed written indication from each defendant or an attorney formally acting on its behalf that each defendant consented to removal," "a logical result that affords due respect for the

---

[8] Because the cases here were consolidated after the expiration of the thirty-day removal period mandated under 28 U.S.C. § 1446(b), the separate removal must independently qualify as written consent despite consolidation. *See Ortiz v. Young*, 431 F. App'x 306, 307–08 (5th Cir. 2011) (removal was defective when one defendant removed within thirty days of service but codefendant did not consent until after thirty-day period lapsed).

substantive requirement of the rule of unanimity and avoids allowing a non-prejudicial procedural step to override the timely, written, express consent of all served defendants." *Id.* at *3.

Other district courts within and outside this circuit generally share the same view. *See, e.g.*, *Smith v. Union Nat. Life Ins. Co.*, 187 F. Supp. 2d 635, 645 (S.D. Miss. 2001) ("There is nothing unfair about requiring each defendant to either sign the notice of removal, *file its own notice of removal*, or file a written consent or written joinder to the original notice of removal.") (emphasis added) (quoting *Jarvis v. FHP of Utah, Inc.*, 874 F. Supp. 1253, 1255 (D. Utah 1995)); *Albonetti v. GAF Corp.-Chem. Grp.*, 520 F. Supp. 825, 828 (S.D. Tex. 1981) ("[T]he joinder requirement of section 1446 is satisfied[] where one defendant files a singular removal petition, if all defendants served on or before the filing of that petition thereafter timely file *either their own removal petitions* or their joinders in or consents to the original petition.") (emphasis added); *Creekmore v. Food Lion, Inc.*, 797 F. Supp. 505, 508 (E.D. Va. 1992) ("[S]ection 1446 requires that each defendant file a notice of removal, *either independently* or by unambiguously joining in or consenting to another defendant's notice, within the thirty-day period.") (emphasis added); *State Farm Fire & Cas. Co. v. Dunn-Edwards Corp.*, 728 F. Supp. 2d 1273, 1275 (D.N.M. 2010) ("[T]he unanimity rule requires all served defendants to assure the court—generally by joining in the removal itself, *filing their own notice of removal*, or filing a notice of consent—that they consent to removal.") (emphasis added); *Brown v. Rite Aid Corp.*, 415 F. Supp. 3d 588, 591 (E.D. Pa. 2019) ("Proper removal occurs when all defendants communicate unanimous consent to the removal by way of jointly filing a notice of removal *or filing separate notices of removal* to the court.") (emphasis added); *Ross v. Thousand Adventures of Iowa, Inc.*, 178 F. Supp. 2d 996, 999 (S.D. Iowa 2001) ("Each defendant must join in the notice of removal *or file a separate notice of*

*removal* within thirty days") (emphasis added).[9]

This Court agrees with the rationale underlying these decisions. And this Court is not persuaded by Reeder's argument that "*Riles* … relied on authority from the Fourth Circuit which does not interpret the unanimity rule as strictly as in this Circuit or the majority of courts," noting "the Fourth Circuit permits a notice of removal by one defendant to represent that other defendants consent to the removal without a separately filed joinder or consent by each co-defendant." Doc. #18 at 4, 5. Reeder is correct that, in some respects, the Fifth Circuit has interpreted the rule of unanimity more strictly than other circuits, including the Fourth, but it has done so regarding the issue of whether one defendant can consent to removal on another's behalf. *See Griffioen v. Cedar Rapids & Iowa City Ry. Co.*, 785 F.3d 1182, 1186–87 (8th Cir. 2015) ("The Fourth, Sixth, and Ninth Circuits have held that a statement in one defendant's timely removal notice that its codefendants consent is sufficient. The Seventh and Fifth Circuits, on the other hand, have suggested that in most situations a defendant may not give notice of consent on another defendant's behalf.") (internal citations omitted). Any disagreement among circuits about whether one defendant can consent on behalf of another defendant is not the issue here. Given that the Fifth Circuit does not seem to have addressed whether a separate notice of removal operates as consent, this Court declines to presume the Fifth Circuit would find removal improper based on independent removal petitions by codefendants just because it has required stricter adherence to the rule of unanimity in other circumstances.

So in this case, this Court concludes that Kroger timely consented to removal when it filed its separate notice removing Reeder's state court case within thirty days of being served. Although Kroger did not join or sign Coca-Cola's removal notice, joining or signing a codefendant's notice

---

[9] *But see Williams v. Equifax Info. Servs. LLC*, 359 F. Supp. 2d 1284, 1286 (M.D. Fla. 2005) (separate notices of removal do not operate as consent to removal because removal statute contemplates filing of a single notice).

of removal is not the only way to consent to removal. *Getty Oil*, 841 F.2d at 1262 n. 11. As ruled in *Riles,* filing a separate removal notice clearly and logically indicates consent to removal. *Riles*, 2006 WL 3843029, at *3. Kroger's separate removal notice satisfies the rule of unanimity in this case because Kroger complied with the strict requirements of consent—it was timely, written, and filed in this district by Kroger itself.

## IV
## Conclusion

Reeder's motion to remand this case to the Circuit Court of Lafayette County [11] is **DENIED**.

**SO ORDERED**, this 6th day of January, 2026.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**